UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-24171

MICHELLE VEGA,

    Plaintiff,

vs.

PORKY'S CABARET, INC., d/b/a BELLAS CABARET, a Florida Corporation, TUNDIDOR, INC. d/b/a EROTICA CABARET, a Florida Corporation, JAMES TUNDIDOR, and DULCE TUNDIDOR, individually,

    Defendants.
_____/

## **DEFENDANTS' MOTION TO DISMISS, IN PART, PLAINTIFF'S COMPLAINT**

Defendants, PORKY'S CABARET, INC., d/b/a BELLAS CABARET, TUNDIDOR, INC. d/b/a EROTICA CABARET, JAMES TUNDIDOR and DULCE TUNDIDOR (collectively "Defendants"), by and through their undersigned counsel, hereby move to dismiss, in part, Plaintiff MICHELLE VEGA's ("Plaintiff") Complaint [D.E. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

### I.    INTRODUCTION

Plaintiff brings this action as an alleged former employee of Defendants, for alleged violations of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") from the beginning of Plaintiff's employment "before June 2013" through the end of her employment "until approximately April of 2017." Compl. ¶ 8. Counts I and II include claims against Defendants for alleged minimum wage and overtime violations under the FLSA. Count III includes a claim against Defendants for minimum wage violations under the FMWA.

1

Portions of all three Counts contained within the Complaint are barred, in part, by the respective statute of limitations. Therefore, this Court should dismiss with prejudice, in part, those portions of Counts I, II, and III that are time barred.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff alleges to be a former employee of Defendants who was hired in June 2013. *See* Compl. ¶¶ 8-9. During her employment, Plaintiff alleges that she regularly worked in excess of forty (40) hours within a work week. *See id.* at ¶ 18.

2. On October 10, 2018, Plaintiff filed a three-count Complaint with this Court alleging violations of the FLSA and the FMWA. The Complaint alleges minimum wage and overtime compensation violations under the FLSA (Count I and Count II, respectively), and violation of the FMWA (Count III). *See generally id.*

3. In the Complaint, Plaintiff alleges, *inter alia*, that Plaintiff was employed by Defendants from June 2013 to April 2017. *See id.* at ¶ 8.

4. Portions of each Count are time barred and must be dismissed.

## III.     MEMORANDUM OF LAW

### A.     Motion to Dismiss Standard.

A complaint, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short plain statement must "raise a right to relief above the speculative level" by including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when the complaint fails to adequately allege facts to state a plausible claim. *See generally Twombly*, 550 U.S. at 555.  Legal conclusions unsupported by factual allegations are "not entitled to the assumption of truth." *Id.* at 679.  Once a court identifies the remaining non-conclusory, well-plead factual allegations the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Iqbal* at 1950. Even if the factual allegations assumed to be true are consistent with a claim for relief, the complaint must nevertheless be dismissed if the facts are equally consistent with finding of no liability. *Id.*

Lastly, while a statute of limitations bar is usually an affirmative defense, a court can grant a motion to dismiss if it is apparent from the face of the complaint that the claim is time-barred. *Woodburn v. Fla. Dep't of Children & Family Servs.*, 854 F. Supp. 2d 1184, 1198 (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

Here, pursuant to the pleading standards of *Twomby*, *Iqbal* and Rule 12(b)(6) of the Federal Rules of Civil Procedure, portions of Counts I, II and III of the Complaint must be partially dismissed with prejudice because the claims are time barred on their face.

> **B.    Plaintiff's FLSA claims (Count I and II) are Partially Barred the Statute of Limitations.**

Plaintiff's claims for minimum wage and overtime violations under the FLSA in Counts I and II are barred, in part, by the statute of limitations and those portions must be dismissed with prejudice.

As a general rule, a two-year statute of limitations applies to FLSA claims. 29 U.S.C. § 255(a). The statute of limitations is extended to three years after the cause of action accrues if the employer willfully violated the FLSA. *Id.* The cause of action accrues for purposes of the FLSA "when the employer fails to pay the required compensation for any workweek at the regular pay

day for the period in which the workweek ends." 29 C.F.R. 790.21(b); *see* 29 U.S.C. § 255(a) ("[I]f the cause of action accrues on or after May 14, 1947[, it] may be commenced within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.").

Here, Plaintiff alleges willful violations of the FLSA. *See* Compl. ¶¶ 23, 27-28. However, even under the three (3) year statute of limitation stated in 29 U.S.C. § 255(a), Plaintiff's claims in Counts I and II are partially barred by the statute of limitations. The Complaint in this action was filed on October 10, 2018. Hence, the applicable statute of limitations bars any claims for minimum wage and overtime violations under the FLSA prior to October 10, 2015. *See generally* 29 U.S.C. § 255(a).  Here, Plaintiff is seeking unpaid minimum wage and overtime wages from June 2013 through April 2017.  Since a portion of the claims for minimum wage and overtime violations allegedly occurred more than three years prior to the filing of the Complaint (the time barred portion being June 2013 through October 10, 2015), those portions of Counts I and II must be dismissed with prejudice.

Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss the portions of Counts I and II asserting claims under the FLSA from June 2013 through October 10, 2015 with prejudice, since such claims are barred by the applicable Statute of Limitations.

### C. Plaintiff's FMWA claim (Count III) is Partially Barred by the Statute of Limitations.

Plaintiff's claim for minimum wage violations under the FMWA in Count III is barred, in part, by the statute of limitations and those portions must be dismissed with prejudice.

Section 95.11(3)(q) of the Florida Statutes provide that "an action alleging a violation, other than a willful violation, of the [FMWA]" has a four (4) year statute of limitations. However,

if the alleged violation is willful, Section 95.11(2)(d) provides that the claim has a five (5) year statute of limitations.

However, even under the five (5) year statute of limitations stated in Section 95.11(2)(d), Plaintiff's claim in Count III is partially barred by the statute of limitations. The Complaint in this action was filed on October 10, 2018. Hence, the applicable statute of limitations bars any claims for minimum wage violations under the FMWA prior to October 10, 2013. Here, in Count III, Plaintiff is seeking unpaid minimum wages from June 2013 through April 2017.  Since a portion of the claims for minimum wage violations allegedly occurred more than five years prior to the filing of the Complaint (the time barred portion being June 2013 through October 10, 2013), those portions of Count III must be dismissed with prejudice.

Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss the portions of Count III asserting claims under the FMWA from June 2013 through October 10, 2013 with prejudice, since such claims are barred by the applicable Statute of Limitations.

## IV.    CONCLUSION

For the reasons set forth herein, the portions of Plaintiff's Complaint contained in Counts I, II and III Plaintiff's that are time barred as being outside the applicable statute of limitations must be dismissed with prejudice.[1]

WHEREFORE, Defendants respectfully request this Court enter an Order: (1) granting the instant Motion to Dismiss; (2) dismissing the portions of Counts I and II asserting claims under the FLSA from June 2013 through October 10, 2015 with prejudice; (3) dismissing the portions of

---

[1] A partial motion to dismiss does not require a party to file an answer while the motion is pending and automatically extends its time to answer. *See Ferk v. Mitchell,* No. 14-cv-21916-KING, 2014 U.S. Dist. LEXIS 177885, *2 n. 1 (S.D. Fla. Dec. 29, 2014) (citing *Beaulieu v. Bd. of Trustees of Univ. of West Florida,* No. 3:07-cv-30, 2007 U.S. Dist. LEXIS 98749, *2 (N.D. Fla. July 9, 2007).

Count III asserting claims under the FMWA from June 2013 through October 10, 2013 with prejudice; and (2) granting any other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 4th, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*/s/ Joshua M. Entin*
JOSHUA M. ENTIN, ESQ.
Fla. Bar No. 493724
josh@entinlaw.com
ENTIN LAW GROUP, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201 | Fax: (954) 764-2443
***Attorney for Defendants Porky's Cabaret, Inc., Tundidor, Inc., James Tundidor, and Dulce Tundidor***.

## SERVICE LIST

*Vega v. Porky's Cabaret, Inc., et al.*
*Case Number: 1:18-cv-24171*

**United States District Court, Southern District of Florida**

Brandon L. Chase, Esq.
LAW OFFICES OF BRANDON L. CHASE, P.A.
25 Southeast 2nd Avenue
Eighth Floor
Miami, Florida 33131
Tel:	305-677-2228
Fax:	305-677-3232
E-mail: bchase@cruiselawmiami.com
	assistant@cruiselawmiami.com
	eservice@cruiselawmiami.com
*Attorney for Plaintiff*

David J. Gillis, Esq.
LAW OFFICES OF DAVID J. GILLIS, P.A.
110 Southeast 6th Street
Suite 2150
Fort Lauderdale, Florida 33301
Tel:	954-507-5772
Fax:	954-208-0635
E-mail: dgillis@justicesouthflorida.com
*Attorney for Plaintiff*

Hugo Apellaniz, Esq.
APELLANIZ LAW, P.A.
1700 E. Las Olas Blvd.
Suite 207
Fort Lauderdale, Florida 33301
Tel:	954-533-2903
Fax:	954-533-2903
E-mail: apellanizlaw@gmail.com
*Attorney for Plaintiff*